PEOPLE *v.* COLLIER

1. TRIAL—CONTINUANCE—DISCRETION—ABSENT WITNESS.
   Continuances are discretionary and the movant must show both materiality of the absent witness's testimony and a diligent effort to secure the witness's appearance (GCR 1963, 503.2).

2. TRIAL—CONTINUANCE—ABSENT WITNESS—TRIAL COURT—MOTIONS.
   Motion for continuance was correctly denied by trial court, where defendant did not specify the materiality of an absent witness's testimony and did not attempt to subpoena the witness until the day before trial (GCR 1963, 503.2).

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 March 11, 1969, at Grand Rapids. (Docket No. 5,283.) Decided March 28, 1969.

Paul Frederick Collier was convicted of attempted breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick,* II, Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*Merritt R. Jones,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Continuance §§ 7–10.

BEFORE: McGregor, P. J. and R. B. Burns and Danhof, JJ.

Per Curiam. Defendant, convicted of attempted breaking and entering, MCLA §§ 750.92, 750.110 (Stat Ann 1962 Rev § 28.287 and 1968 Cum Supp § 28.305), contends the lower court incorrectly denied defense counsel's motion for a continuance. Defendant avers an important witness was absent from the trial jurisdiction, and argues the court should have allowed a continuance until the witness returned to testify.

Continuances are discretionary. The movant must show both materiality of the absent witness's testimony and a diligent effort to secure the witness's appearance. GCR 1963, 503.2. Defendant did not specify the materiality of the absent witness's testimony until filing an appellate brief. Furthermore, he did not attempt to subpoena the witness until the day before trial. Thus, defendant did not comply with the court rule guidelines, and the court correctly denied the continuance motion.

Conviction affirmed.